CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
for Roanoke
JAN 25 2008
JOHN F. CORCORAN, CLERK
BY: /s/ M. Hupp
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JAMES ALEXANDER DUNN, | ) | |
|     Plaintiff, | ) | Civil Action No. 7:07cv00580 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| COMMONWEALTH OF VIRGINIA, | ) | By: Hon. Jackson L. Kiser |
|     Defendants. | ) | Senior United States District Judge |

The plaintiff, James Alexander Dunn, an inmate at the Marion Correctional Treatment Center, a facility in the Virginia Department of Corrections, filed this pro se civil rights action under 42 U.S.C. § 1983. For the following reasons, the action will be dismissed as frivolous, pursuant to 28 U.S.C. § 1915A(b)(1).

Plaintiff states, inter alia, that his "celestial and terrestrial sphere is being swooned into an [sic] vortex abyss," and that "the oxidization process with the catalyst system isn't right."[1] Pursuant to § 1915A(b)(1), the court must dismiss a complaint as soon as practicable if the court determines that the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be

---

[1] The court notes that the Commonwealth of Virginia, the only named defendant, is not a proper defendant in an action pursuant to § 1983. West v. Atkins, 487 U.S. 42 (1988); McCoy v. Chesapeake Correctional Center, 788 F.Supp. 890 (E.D.Va.1992). Because certain statements in the complaint could be construed as claiming that plaintiff has been subjected to the forced administration of antipsychotic drugs, which is permissible if an inmate with serious mental illness is dangerous to himself or others and the treatment is in the inmate's medical interest, Washington v. Harper, 494 U.S. 210, 227 (1990), but which requires certain procedural safeguards to comport with due process, United States v. Morgan, 193 F.3d 252, 261-62 (4th Cir. 1999), plaintiff was given the opportunity to amend his complaint to state a claim against proper defendants; however, plaintiff's amendments identify no individual defendants and consist of 7 pages that include the following:

> The Administrative Sect. Of Virginia, and Maryland Commonwealth offices abridged my life and limbs that's an violation of my fifth and fourteenth amendment. They can't keep attempting to housed an Pantheistic Order. "I'm not an physiologist and I'm trying to talk about the Grand Conspiracy of physiocracy in the Commonwealth District; "Our mineral rights or astral forces shouldn't be poached or hunted; I'm in dire need of an Mechanical Engineer, and a Biochemist. "There must be an Sovereign Tribunal." I have to look out for my family but I was placed in purgatory because of hunters and huntresses."

(Quoted verbatim.) Plaintiff's amendments continue in a similar manner.

granted." A complaint may be dismissed as frivolous if it "lacks an arguable basis in law or fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A complaint lacks an arguable basis in law or fact if it contains factual allegations that are "fantastic or delusional" or if it is based on legal theories that are indisputably meritless. Id. at 327-28. Under this standard of frivolity, "a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations." Denton v. Hernandez, 504 U.S. 25, 32 (1992).

Having reviewed the instant complaint, the court concludes that plaintiff's allegations are clearly delusional. Therefore, the complaint will be dismissed as frivolous pursuant to § 1915A(b)(1).

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to plaintiff.[2]

**ENTER**: This 25th day of January, 2008.

/s/ Jackson L. Kiser
Senior United States District Judge

---

[2] Plaintiff is advised that his assertion that his "time isn't being computed properly" must be brought in a petition for a writ of habeas corpus, given that the core of the claim concerns the duration of his confinement. Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983) (if the core of the complaint concerns the fact or length of confinement, then the proceeding is in habeas). Under 28 U.S.C. § 2254(b), a federal court cannot grant habeas relief unless the petitioner has exhausted the remedies available in the courts of the state in which he was convicted. Preiser v. Rodriguez, 411 U.S. 475 (1973). If the petitioner has failed to exhaust state court remedies, the federal court must dismiss the petition. Slayton v. Smith, 404 U.S. 53 (1971). The exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim. See O'Sullivan v. Boerckel, 119 S. Ct. 1728 (1999). In Virginia, a non-death row felon can exhaust his state remedies in one of three ways, depending on the nature of the claims he is raising. First, he can file a direct appeal to the Virginia Court of Appeals, with a subsequent appeal to the Supreme Court of Virginia if the Court of Appeals rules against him. Second, he can attack his conviction collaterally by filing a state habeas petition with the circuit court where he was convicted, with an appeal of an adverse decision to the Supreme Court of Virginia. Va. Code §8.01-654. Finally, he can exhaust his remedies by filing a state habeas petition directly with the Supreme Court of Virginia. Id. Whichever route the inmate chooses to follow, it is clear that he ultimately must present his claims to the Supreme Court of Virginia and receive a ruling from that court before a federal district court can consider them.